**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LISA C. NEAL,

        Plaintiff - Appellant,

  v.

CITY OF BAINBRIDGE ISLAND, a
Municipal Corporation,

        Defendant - Appellee.

No. 24-3299

D.C. No.
3:20-cv-06025-DGE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted June 2, 2025
Seattle, Washington

Before: RAWLINSON, BRESS, and BUMATAY, Circuit Judges.

Lisa Neal (Neal) appeals the district court's grant of summary judgment in

favor of the City of Bainbridge Island (the City) on her claims for First

Amendment retaliation, defamation, intentional and negligent infliction of

emotional distress, and violation of the Washington Public Records Act (PRA),

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

Wash. Rev. Code Ch. 42.56.  We affirm.

**1.**  Our decision in *Lathus v. City of Huntington Beach*, 56 F.4th 1238 (9th Cir. 2023) squarely resolves Neal's First Amendment retaliation claim.  As in *Lathus*, the City's Manual of City Governance empowered the City Council to remove Neal "without cause."  *Id*. at 1239.  Committee members "speak to the public and to other policymakers on behalf of" the City Council and "could plainly undermine [the City Council's] credibility and goals."  *Id.* at 1242 (citations and internal quotation marks omitted).  As in *Lathus*, the committee here "is designed to influence policy decisions" and act as "a conduit between the community and City Council."  *Id*.  Therefore, the City Council "is entitled to an appointee who represents [its] political outlook and priorities."  *Id*.  *See* Bainbridge Island Municipal Code 2.16.210(E)(3)(c), (F)(2)(c) (providing that the committee must "establish a public participation process," "ensure outreach to the community during the subarea planning process," and "provide opportunity for the public to comment on the vision and goals of the subarea plan").  The district court did not err in granting summary judgment on this claim.  *See Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 546 (9th Cir. 2010).

**2.**  Neal failed to raise a material issue of fact as to her defamation claim. Statements of opinion "are not actionable."  *Robel v. Roundup Corp.*, 59 P.3d 611, 621 (Wash. 2002) (en banc) (citation omitted).  Under the "totality of the

circumstances," statements accusing Neal of being "disrupt[ing]," "abusive," "ugly," and "totally inappropriate" are statements of opinion. *Dunlap v. Wayne*, 716 P.2d 842, 848 (Wash. 1986) (en banc) (noting that "statements of opinion are expected to be found more often in . . . political debates"). The other allegedly defamatory statements are not "demonstrably false" because the record supports a determination that members did quit because of her actions and that she refused to meet with the Planning Director. *Reykdal v. Espinoza*, 473 P.3d 1221, 1224–25 (Wash. 2020) (en banc).

**3.** Neal failed to raise a material issue of fact as to her claims for intentional and negligent infliction of emotional distress claims. They were based on the same facts as her defamation claim, and did not rise to the level of extreme and outrageous conduct. *See Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003) (en banc). Rather, the conduct in question involved, at most, "insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* (citation and internal quotation marks omitted).

**4.** The PRA requires Washington state and local agencies to "make a sincere and adequate search for records" when requested, but agencies are not required to "create or produce a record that is nonexistent." *Fisher Broad.-Seattle TV LLC v. City of Seattle*, 326 P.3d 688, 692 (Wash. 2014) (en banc) (citations omitted). The City's clerk attested that she searched the Zoom Recordings and

Trash folders, and confirmed that there were no video files of any prior committee meetings. She also attested that she did not delete any files after Neal's request. Thus, the City met its burden of showing an adequate search for the records, and the district court's entry of summary judgment in favor of the City on this claim was supported by the record. *See Neighborhood All. of Spokane Cnty. v. Spokane Cnty.*, 261 P.3d 119, 128 (Wash. 2011).

No Washington law supports Neal's assertion that cities must retain documents before a PRA request is made. To the contrary, decisions from the Washington Court of Appeals have determined that there is no PRA violation when a document is destroyed before a request is made. *See, e.g., Bldg. Indus. Ass'n of Wash. v. McCarthy*, 218 P.3d 196, 204 (Wash. Ct. App. 2009). Because Neal has provided no evidence that the records existed at the time of her PRA request, the district court did not err in granting summary judgment to the City on this claim.

**5.** The district court did not abuse its discretion by finding that Neal had not diligently pursued previous discovery opportunities. "A district court abuses its discretion with respect to discovery orders only if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1127 (9th Cir. 2020) (citation and

internal quotation marks omitted) (emphases in the original). Neal repeatedly delayed the deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure to wait for new disclosures from discovery and PRA requests. She finally took the deposition 17 months after discovery was opened and 10 months after the original discovery cutoff date. Instead of seeking to depose individuals with relevant personal knowledge, Neal waited months for the court to issue an order to compel such information from the City, which the court declined to do.

**6.** The district court did not abuse its discretion by denying Neal's motion under Rule 56(d) for additional discovery on her PRA claim. Neal does not plausibly assert any pertinent discovery that would have been obtained if the motion had been granted and how that discovery "would have precluded summary judgment." *Id*. For the same reason, the district court did not abuse its discretion by denying Neal's motion for a continuance of discovery. *See id*.

**AFFIRMED.**